On Second Rehearing
PER CURIAM.
A second rehearing was granted in this case in order to permit counsel for the parties to file briefs on the question of the constitutionality of Chapter 26139, Laws of Florida, Special Acts of 1949.
We have carefully considered this question, in the light of briefs filed, and have concluded that both the notice of intention to apply for passage of the Act, and the title thereto, were sufficient within the meaning of Sections 21 and 16 of Article III of the Constitution of Florida, F.S.A. As to .Section 21, it is well settled that so long as the law finally enacted accords in substance and in purpose and is germane to and within the scope of the subject matter of the published notice, the organic provision is complied with. See State ex rel. Watson v. City of Miami, 153 Fla. 653, 15 So.2d 481; Chase v. City of Sanford, Fla., 54 So.2d 370, 374. Similarly, as to the requirements of Section 16, “The test by which it may be determined whether the title of an act meets this requirement is met if its verbiage is sufficient to put one on notice and cause him to inquire into and ascertain the contents of the body of the act. If it does this, it is sufficient to correct the vice that section 16 of article 3 was designed to cure.” Mayo v. Polk Company, 124 Fla. 534, 169 So. 41, 43.
Both the notice and the title of Chapter 26139 were sufficient to apprise the public *436 that the Legislature proposed to validate all acts and proceedings with respect to the construction and equipment of a municipal auditorium and the issuance of revenue certificates to pay the cost of the construction thereof, and to put the public on inquiry as to the method of paying off such certificates. It is clearly apparent from the body of the Act that, as was stated in the prior opinion of this court on Rehearing 'Granted: “ * * * the Legislature authorized the City to incur the obligations for the construction of a public auditorium; it ratified the ordinances levying the amusement tax and pledging this tax to the payment of the obligations; and it must he held that the effect of this statute (Chapter 26139, supra) was to grant to the City of Pensacola the authority to levy the tax in question.”
It not having been made to appear that Chapter 26139 is subject to the infirmities contended for by appellant, we ,adhere to our former opinion entered on the first rehearing granted in this cause.
It is so ordered.
SEBRING, C J., and HOBSON, ROBERTS and MATHEWS, JJ., concur.
DICKIN'SON, Associate Justice, dissents and adheres to original opinion.
THOMAS and DREW, JJ., not participating.